UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV–15–03888–MWF (AGRx) | Date: July 28, 2015 |
| Title: South Coast Properties, LLC -v- T-Mobile West, LLC, et al | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [12]

Before the Court is the Motion to Dismiss the First Amended Complaint, or in the Alternative, For Partial Dismissal Pursuant to Rule 12(b)(6) (the "Motion") filed by Defendant T-Mobile West, LLC ("T-Mobile") on June 29, 2015. (Docket No. 12). Plaintiff South Coast Properties, LLC ("South Coast") filed an Opposition to Motion to Dismiss (the "Opposition") on July 6, 2015. (Docket No. 15). T-Mobile filed a Reply to Opposition to Defendant's Motion to Dismiss the First Amended Complaint, or in the Alternative, For Partial Dismissal Pursuant to Rule 12(b)(6) (the "Reply") on July 13, 2015. (Docket No. 19).

The Court considered the papers submitted by the parties and held a hearing on July 20, 2015. For the reasons stated below, the Court **GRANTS *in part*** and **DENIES *in part*** the Motion. Specifically, the Court grants the motion only as to South Coast's second and eighth claims for relief, and does so ***without leave to amend***.

## I. BACKGROUND

South Coast owns an office building in Redondo Beach, California. (FAC ¶ 8). T-Mobile entered into a lease with South Coast that allowed T-Mobile to place a cell site on the building's roof. (*Id*. ¶ 9). A dispute arose between South Coast and T-Mobile regarding the cell site and damage to the building purportedly caused by the cell site. (*Id*. ¶ 10). The dispute resulted in South Coast's bringing suit against T-Mobile in Los Angeles County Superior Court. (*Id*.). The parties settled the suit and

---

**CIVIL MINUTES—GENERAL** 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–03888–MWF (AGRx)            Date:  July 28, 2015
Title:  South Coast Properties, LLC -v- T-Mobile West, LLC, et al

entered into a written settlement agreement (FAC, Ex. A, "Settlement Agreement" (Docket No. 9-1)) between the parties.  (*Id*. ¶ 11).

Under the Settlement Agreement, T-Mobile undertook to carry out certain construction work pursuant to a construction plan (the "Construction Plan") specifically referenced in the Settlement Agreement and attached as an exhibit.  (*Id*.).  The Settlement Agreement stated that, after execution of the Settlement Agreement, "T-Mobile will commence construction as agreed between the parties.  An agreed upon construction plan has been agreed upon between the parties and is fully attached and incorporated herein as Exhibit 'A.'"  (Settlement Agreement at 2).  South Coast alleges that T-Mobile undertook to ensure that the Construction Plan was based on engineering work that was "accurate, reliable and proper."  (*Id*.).  The Construction Plan was to be "buildable" without significant changes, and was to detail the entire scope of the work T-Mobile was to complete.  (*Id*.).

T-Mobile undertook to create the Construction Plan using its own engineer and architect.  (*Id*. ¶ 12).  It also admitted that it did not take any steps to investigate whether the Construction Plan could in fact be built.  (*Id*.).  T-Mobile did not ensure the Construction Plan was buildable, South Coast alleges, because it "simply did not care."  (*Id*.).  T-Mobile presented only a "simple" plan to induce Plaintiff to enter the Settlement Agreement without any intention of performing the construction as needed, regardless of the Construction Plan.  (*Id*. ¶ 12).  South Coast alleges that T-Mobile concealed its intention to construct "whatever it deemed necessary" and "either not inform [South Coast] of any changes or bully [South Coast] into accepting changes."  (*Id*.).

After commencing work on the project, T-Mobile stopped work because it realized that the Construction Plan was not sufficient.  (*Id*. ¶ 13).  T-Mobile left the roof in "significant disrepair."  (*Id*.).

South Coast alleges on information and belief that T-Mobile and its agents were aware that the Construction Plan was based on "false engineering, incorrect information, and unsupported conclusions" and that T-Mobile was aware that the work

---

**CIVIL MINUTES—GENERAL**            2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV–15–03888–MWF (AGRx)           Date: July 28, 2015
Title:     South Coast Properties, LLC -v- T-Mobile West, LLC, et al

could not be completed as outlined by the Construction Plan. (*Id.* ¶ 14). Further, the Construction Plan and the engineering report on which it was based were prepared in a manner "below any reasonable and/or professional standard of care; and in a manner not properly buildable without material and significant changes to the plan." (*Id.*).

      South Coast alleges that T-Mobile started construction with plans to change the plan whenever necessary including making substantial structural changes such as adding a steel beam. (*Id.* ¶ 15). The construction work has resulted in perforation of the waterproof membrane on the roof, which has caused leaking and prevented South Coast from leasing one of its units in the building, and disruption to the businesses in its other units. (*Id.* ¶ 17).

      South Coast alleges ten claims for relief premised on T-Mobile's actions: (1) breach of contract for violating the terms of the Settlement Agreement by failing to employ workmanlike practices and requiring significant changes to the Construction Plan; (2) breach of oral contract; (3) anticipatory breach of contract based on T-Mobile's notification that significant changes to the Construction Plan would be needed to proceed; (4) negligence based on T-Mobile's failure to develop a buildable Construction Plan and the manner of carrying out the construction; (5) fraudulent misrepresentation based on T-Mobile's knowingly false claim that the Construction Plan was buildable and presented a "simple" plan it knew could not be implemented to induce South Coast to sign the Settlement Agreement; (6) fraudulent concealment for concealing that the Construction Plan was not buildable and for providing inaccurate engineering data; (7) trespass for exceeding the scope of permission South Coast gave to T-Mobile to proceed with construction; (8) unfair business practices in violation of California Business and Professions Code section 17200 et seq. ("UCL"); (9) injunctive relief; and (10) declaratory relief (erroneously labeled as a duplicate ninth claim for relief) for judgment that the Construction Plan is not buildable, that South Coast need not agree to changes to the Construction Plan, that all prior leases between the parties are extinguished, and that T-Mobile must remove its equipment from the building.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV–15–03888–MWF (AGRx)                              Date:  July 28, 2015
Title:     South Coast Properties, LLC -v- T-Mobile West, LLC, et al

## II.   APPLICABLE LEGAL STANDARD

In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted). "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer). However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief. *Id.* at 679.

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, n. 9 (9th Cir. 2012) (holding that district court did not abuse discretion in considering filings in a related case). The parties have both provided material extraneous to the FAC and not incorporated by reference. The Court limits its consideration of the Motion to the allegations made in the FAC.

## III.   DISCUSSION

T-Mobile presents one argument in support of dismissal of the FAC in its entirety, and further attacks five of South Coast's claims individually, as follows:

***The general attack*** is that the entire FAC should be dismissed without leave to amend because the Settlement Agreement constitutes a complete release for all claims asserted by South Coast. (Mot. at 4–5).

---

**CIVIL MINUTES—GENERAL**                                                                                        4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–03888–MWF (AGRx)　　　　　　　　　Date:  July 28, 2015
Title:　　　South Coast Properties, LLC -v- T-Mobile West, LLC, et al

*As to the Second Claim*, there is no oral contract because an oral promise to do what one has already agreed to do in writing without further consideration is not enforceable.  (Mot. at 5–6).

*As to the Third Claim*, the anticipatory breach claim is premised on terms that are not present in the Settlement Agreement.  (Mot. at 6–7).

*As to the Fifth and Sixth Claims*, South Coast fails to state claims for fraud with the particularity required by Federal Rule of Civil Procedure 9(b) and the claims are based on implausible and inconsistent allegations, as well as on terms that are not in the Settlement Agreement.  (Mot. at 8).

*As to the Eighth Claim*, South Coast fails to state an unfair business practice claim under Rule 12.  (Mot. at 13).

### A.　　Settlement Agreement Release

As its first basis for dismissal, which it contends applies to the entire action, T-Mobile argues that the terms of the Settlement Agreement included a release that covers the claims South Coast now brings.  (Mot. at 4–5).  Under the Recitals section, the Settlement Agreement states, in pertinent part:

> D.　It is now the intent of the Parties to settle and release any and all known or unknown damages, claims, disputes, issues, lawsuits, claims made in consultant reports, cost of repair estimates, attorneys' fees and any and all other fees, costs claims, and damages arising out of or related to the Subject Action and Claims.  The Subject Action and Claims include, but are not limited to, all existing and any potential past, present, or future disputes, claims, damages, obligations, liabilities, past and present claims for bodily and/or personal injuries, property damages and breach of contract, trespass claims, excessive loading claims, overstressing the existing roof system , water intrusion and any damages caused by "the pad," "the auxiliary structure," and all wiring and cable trays, which are prior to the date hereof or which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–03888–MWF (AGRx)          Date:  July 28, 2015
Title:  South Coast Properties, LLC -v- T-Mobile West, LLC, et al

> at any time in the future may or might arise out of or be related to the Subject Property, previous construction performed at the Subject Property, in any way related to the subject matter of the Subject Action and Claims, relating to or arising out of the allegations contained in the Subject Action and Claims or that could have been asserted in the subject Action and Claims. This compromise, settlement, and release is further intended to apply to all claims which the Parties may now have, known, or unknown, and claims which may come into existence in the relating to the foregoing.

(Settlement Agreement at 1).

The Settlement Agreement also includes an incorporation clause that states "[e]ach party to this Agreement agrees to incorporate by reference the above-stated recitals as though fully set forth herein." (Settlement Agreement, at 2).

The Settlement Agreement further contains a <u>Release</u> section that is slightly different from the Recital regarding releases quoted above. It states in part that:

> 3. <u>Release</u>. In consideration of the mutual promises, agreements, and understandings contained here in . . . and except for the obligations to be performed under this Agreement, the Parties . . . hereby release and forever discharge each other . . . from any and all claims, . . . additional insured claims, demands, causes of action, suits, liens, obligations, charges, losses, damages, judgments, attorneys' fees, costs, promises, liabilities and demands of every nature, kind and description whatsoever, in law or in equity, whether known or unknown, fixed or contingent, suspected or unsuspected, matured or not matured, liquidated or unliquidated, which the Parties may ever have had, now have or may claim to have had against each other (whether directly or indirectly), by reason of an act or omission whatsoever, concerning any matter, cause or thing, from the beginning of time to the date of the execution of this Agreement, related to the Subject Action and Claims (except for the Trespass Claim).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–03888–MWF (AGRx)                           Date:  July 28, 2015
Title:     South Coast Properties, LLC -v- T-Mobile West, LLC, et al

(Settlement Agreement at 2).

T-Mobile argues that the present action falls within the releases executed by the parties in the Settlement Agreement and so South Coast is barred from bringing all of the claims asserted in the FAC.

South Coast presents two arguments in response.  First, the recital portion is not an operative section, and the Release section covers only the prior lawsuit, "Claims" which is undefined, and specifically omits the "Trespass Claim."  (Opp. at 9–10). Second, California Civil Code section 1668 prohibits release of fraud, concealment, and unfair business practices claims.  South Coast also argues that California case extends this prohibition to negligence claims. (*Id.*).

T-Mobile recognizes that there is some ambiguity created by the inclusion of two, slightly different sections defining what releases the Settlement Agreement contains.  Nonetheless, it argues that it is clear from the Settlement Agreement that the parties intended to provide releases for "all existing and any potential past, present, or future disputes, [or] claims" related to the building.  (Reply at 2, quoting Settlement Agreement at 1).

T-Mobile is correct that the Settlement Agreement is unambiguous in expressing the parties' agreement to release all claims between them related to the building. However, the agreement of the parties on that point does not settle the question for three reasons:

*First*, the Settlement Agreement also states in the Release that the parties agreed to release each other from various claims and liabilities, "except for the obligations to be performed under this Agreement."  (Settlement Agreement at 2).  South Coast's claims are based on its allegations that T-Mobile has violated the agreement by failing to carry out the work in a workmanlike manner and in accordance with the agreed upon Construction Plan.

*Second*, as South Coast correctly notes, California law bars a release from fraudulent or unlawful conduct, and nor can a party point to a release clause in a

**CIVIL MINUTES—GENERAL**                                                                                  7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV–15–03888–MWF (AGRx) | Date: July 28, 2015 |
| Title: South Coast Properties, LLC -v- T-Mobile West, LLC, et al | |

contract to avoid a claim that the party engaged in fraud to obtain the contract. Cal. Civ. Code §1668. South Coast's remaining claims allege that T-Mobile engaged in fraud to obtain the Settlement Agreement.

As a matter of statute and California public policy, South Coast and T-Mobile cannot agree to release T-Mobile from liability for fraud. California Civil Code section 1668 provides that "[a]ll contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, . . . whether willful or negligent, are against the policy of the law." *See McClain v. Octagon Plaza, LLC.*, 159 Cal. App. 4th 784, 794, 71 Cal. Rptr. 3d 885 (2008) (Section 1688 "encompasses intentional and negligent misrepresentation").

South Coast also argues that it is against public policy to contract away liability for negligence. This is plainly not the case, and the only case on which South Coast relies is from 1924 and applies to a bailee's attempt to exempt himself from liability for negligence. *England v. Lyon Fireproof Storage Co.*, 94 Cal. App. 562, 571, 271 P. 532 (1928) *disapproved of by George v. Bekins Van & Storage Co.*, 33 Cal. 2d 834, 205 P.2d 1037 (1949) ("[t]he trend of modern authorities holds that such an effort on the part of a bailee to exempt himself from negligence is contrary to public policy."). South Coast's argument is limited to the context of a bailee's liability and has no relevance to the present case. *See Werner v. Knoll*, 89 Cal. App. 2d 474, 201 P.2d 45 (1948) ("Clearly said section 1668 does not declare unlawful all contracts, the object of which is to exempt individuals *476 from the consequence of their own acts, but only those contracts which would exempt one from the consequences of his own fraud, willful injury or violation of law whether willful or negligent."). Accordingly, the releases are void to the extent they purport to release T-Mobile from claims of fraud.

*Third*, South Coast alleges that it was induced into signing the Settlement Agreement by the fraud and fraudulent concealment of T-Mobile. A release is invalid when it is procured by misrepresentation, overreaching, deception, or fraud. *Jimenez v. 24 Hour Fitness USA, Inc.*, 237 Cal. App. 4th 546, 563, 188 Cal. Rptr. 3d 228 (2015) (holding that a genuine issue of material fact as to whether fitness center procured release from patron through fraud precluded summary judgment).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–03888–MWF (AGRx)                            Date:  July 28, 2015
Title:       South Coast Properties, LLC -v- T-Mobile West, LLC, et al

Accordingly, the Court **DENIES** the Motion to the extent is premised on the purported releases contained within the Settlement Agreement.

**B.    Oral Contract**

T-Mobile argues that South Coast's claimed oral contract is not valid because it constitutes an oral agreement to do only what the parties had otherwise agreed to do under the Settlement Agreement and so lacked consideration.

South Coast contends that its breach of oral contract claim is an alternative pleading to the effect that even if the written agreement is not valid, the parties nonetheless came to an agreement which it now seeks to enforce.

South Coast's argument that its oral contract was not a contract to perform the terms of the Settlement Agreement but was instead an independent contract with precisely the same terms is unpersuasive.  "Under the definition of consideration in [California Civil Code section] 1605 . . . , doing or promising to do what one is already legally bound to do cannot be consideration for a promise."  1 B.E. Witkin, *Summary of California Law*, Contracts § 218 (10th ed. 2005).   South Coast's argument presents a distinction without a difference.  The oral contract was allegedly made after the Settlement Agreement was signed.   The parties therefore had the obligations under the Settlement Agreement.  Any oral contract was nothing more than a promise to comply with an already existed legal obligation without further consideration.  It is therefore unenforceable.

Further, absent any claim that the Settlement Agreement is unenforceable, the Court does not see the purpose of South Coast's second claim.  T-Mobile does not challenge the validity of the Settlement Agreement.  Indeed, it bases its Motion in substantial part on the terms of the Settlement Agreement.  South Coast's breach of contract claim will require evaluation of the written terms of the Settlement Agreement and allegations that an identical contract was formed orally serves little purpose.

Accordingly, the Court **GRANTS** the Motion as to South Coast's second claim for relief.  Because South Coast acknowledges in its Opposition that the claim for oral

---

**CIVIL MINUTES—GENERAL**                                                                                  9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–03888–MWF (AGRx)                              Date:  July 28, 2015
Title:      South Coast Properties, LLC -v- T-Mobile West, LLC, et al

contract is exactly the same as its written contract claim, amendment would be futile, and so the Court dismisses the claim *without leave to amend*.

### C.  Anticipatory Breach

T-Mobile argues that South Coast fails to state a claim for anticipatory breach because the Settlement Agreement contains no term that prohibits the parties from altering the Construction Plan.  (Reply at 3).  South Coast argues that the Settlement Agreement explicitly references and incorporates the Construction Plan and so the terms of the Construction Plan are binding on the parties as part of the Settlement Agreement.  (Opp. at 12).

The general rule under California law is that the terms of an extrinsic document may be incorporated by reference in a contract so long as (1) the reference is clear and unequivocal; (2) the reference is called to the attention of the other party and he consents thereto; and (3) the terms of the incorporated document are known or easily available to the contracting parties.  *Amtower v. Photon Dynamics, Inc.* 158 Cal. App. 4th 1582, 1607–1608, 71 Cal. Rptr. 3d 361 (2008) (holding that merger agreement did incorporate agreement in which president promised not to sell stock in acquiring corporation).  "The clear and unequivocal reference to the extrinsic document and the contemporaneous availability of its terms shows that, at the time of contracting, the parties consented to those terms."  *DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc.*, 176 Cal. App. 4th 697, 714, 97 Cal. Rptr. 3d 856 (2009) (holding that licensing agreement required manufacturer to comply with undisclosed specifications such that manufacturer was bound by those specifications).

T-Mobile does not dispute that the Construction Plan was incorporated by reference into the Settlement Agreement.  It therefore does not dispute that the Construction Plan is part of the binding agreement between the parties.  It argues only that absent a term in the Settlement Agreement explicitly forbidding any change in the Construction Plan, South Coast fails to state a claim.  At the hearing, counsel for T-Mobile reiterated its argument that absent a provision prohibiting changes to the Construction Plan, South Coast's claim must fail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–03888–MWF (AGRx)                    Date:  July 28, 2015
Title:      South Coast Properties, LLC -v- T-Mobile West, LLC, et al

It is clear from the Settlement Agreement that T-Mobile completing the necessary work according to the Construction Plan was part of the parties' agreement. Substantial and material deviance to the Construction Plan must therefore be considered a breach of the contract. A contract does not need a provision prohibiting breach for a breach of contract to be brought, and the Construction Plan is part of the contract.

The Court need not determine at this stage whether the Settlement Agreement forbade any change to the Construction Plan no matter how minor or insignificant. South Coast alleges that a substantial change was required to the Construction Plan such that the scope of the work necessary for T-Mobile to abide by the Settlement Agreement was drastically altered. The change South Coast alleges T-Mobile attempted to make was therefore a material change to the contract. This allegation is sufficient for a claim of anticipatory breach at this stage in the litigation.

### D.     Fraud Claims

T-Mobile makes three arguments as to why South Coast's fifth and sixth claims for fraud and fraudulent concealment fail. First, T-Mobile argues that South Coast has failed to articulate the alleged fraud with the particularity required by Federal Rule of Civil Procedure 9(b). (Mot. at 8). Second, the fraud claims are based on an implausible conspiracy between T-Mobile and its contractors in drawing up the Construction Plan. (Mot. at 11). Third, T-Mobile restates its arguments as to anticipatory breach regarding the fraud claims in that they are premised on terms barring any change to the Construction Plan that are simply not present in the Settlement Agreement.

#### 1. South Coast's Allegations are Sufficient under Rule 9(b).

Federal Rule of Civil Procedure 9(b) requires that "a party [alleging fraud] must state with particularity the circumstances constituting fraud." To satisfy Rule 9(b), a plaintiff must include "the who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted). "Rule 9(b) ensures that allegations of fraud are specific enough

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–03888–MWF (AGRx)         Date:  July 28, 2015
Title:     South Coast Properties, LLC -v- T-Mobile West, LLC, et al

to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

T-Mobile argues that the identification of the person who sent the Settlement Agreement on T-Mobile's behalf to South Coast is insufficient to meet the requirements of Rule 9. Instead, T-Mobile contends that South Coast must allege "who from T-Mobile provided those misrepresentations to whom at SCP, what the misrepresentations were, the basis of the knowledge of the T-Mobile person that they were in fact misrepresenting some fact to someone at SCP, when the alleged misrepresentations occurred, the identity of any other person who may have been present during that transaction, etc." (Mot. at 10).

The Court is unpersuaded that South Coast's allegations are insufficient or that the level of detail T-Mobile requires is necessary. South Coast has alleged what the misrepresentation is – that T-Mobile intended to abide by the Construction Plan and knew that it was viable without material change – and how and when it was made to South Coast – by corporate counsel for T-Mobile in the Settlement Agreement in March and April 2014. South Coast's fraud claims are based on its allegation that T-Mobile induced South Coast to sign the Settlement Agreement on the promise that T-Mobile would complete the Construction Plan when in fact it had no intent to do so.

Entering into a promise with no intent to perform constitutes fraud. "A promise to do something necessarily implies the intention to perform, and where that intention is absent, there is an implied misrepresentation of fact, which is actionable fraud." 5 B.E. Witkin, *Summary of California Law*, Torts § 781 (10th ed. 2005); *see also Lazar v. Superior Court*, 12 Cal.4th 631, 638, 49 Cal. Rptr. 2d 377 (1996) ("An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract."). The corollary of the rule is that a mere failure to perform a promise, made in good faith, does not constitute fraud. 5 B.E. Witkin*, supra*, § 781 ("A declaration of intention, although in the nature of a promise, made in good faith, without intention to deceive, and in the honest expectation that it will be fulfilled, does not constitute fraud, even though it is not carried out.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–03888–MWF (AGRx)					Date:  July 28, 2015
Title:	South Coast Properties, LLC -v- T-Mobile West, LLC, et al

South Coast alleges that T-Mobile presented the Construction Plan, not only with knowledge that it was unbuildable, but knowing that it had not adequately investigated its viability, and most importantly with no intent to adhere to it should any changes become necessary.

T-Mobile also argues that South Coast failed to allege the necessary intent to defraud. T-Mobile is mistaken, based on a review of the FAC. South Coast alleges that T-Mobile did not have any intent of constructing the improvements in accordance with the plan but "[i]nstead, [T-Mobile's] intention was to construct whatever it deemed necessary, and either not inform [South Coast] of any changes or bully [South Coast] into accepting changes." (FAC ¶ 43). South Coast supports this claim by alleging that T-Mobile has admitted that it did not investigate whether the Construction Plan was viable. (FAC ¶ 12). These are adequate allegations of intent.

### 2. South Coast's Allegations Are Not Implausible.

T-Mobile's second argument is that South Coast makes implausible allegations because they are inconsistent. (Mot. at 11–12). T-Mobile notes that South Coast cannot allege both that T-Mobile failed properly to investigate the Construction Plan and that it intended not to follow the Construction Plan because it is only with knowledge of the deficiencies of the Construction Plan that T-Mobile could have intended to deviate from it. (*Id.*)

T-Mobile is correct that South Coast's allegations are somewhat inconsistent. However, the Court determines that South Coast adequately alleges fraud on the part of T-Mobile in presenting the Construction Plan as part of the Settlement Agreement without intent to follow the Construction Plan, and nonetheless committing to abide by the terms of the Settlement Agreement, including the Construction Plan.

In its Opposition, South Coast argues that T-Mobile mischaracterizes its fraud claims. (Opp. at 13). Specifically South Coast argues that T-Mobile is incorrect in stating that South Coast accused T-Mobile of knowing that the Construction Plan was unbuildable. However, South Coast does in fact allege that T-Mobile "was aware that the work [outlined in the Construction Plan] could not be completed as set forth in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–03888–MWF (AGRx)                    Date:  July 28, 2015
Title:       South Coast Properties, LLC -v- T-Mobile West, LLC, et al

[C]onstruction [P]lan." (FAC ¶ 14). It is further true that South Coast provides no further factual allegations in support of this assertion.

However, South Coast nonetheless alleges a claim for fraud and fraudulent concealment on the basis of T-Mobile's alleged intent not to perform the Settlement Agreement by not abiding by the Construction Plan. South Coast alleges that T-Mobile intentionally failed to obtain a sufficiently detailed engineering report. T-Mobile did so because an accurate understanding of what the construction actually entailed was unnecessary as it had no intention to comply with the Settlement Agreement. Instead, T-Mobile only wanted South Coast to dismiss its law suit and sign the Settlement Agreement, including the release. T-Mobile then would build whatever was necessary without intent to perform the contract in full. It intended to provide South Coast with a Construction Plan it was confident South Coast would agree to, but had no intent to abide by it if it proved unworkable.

T-Mobile also notes that South Coast makes allegations regarding the manner in which T-Mobile's "design professionals" prepared the engineering report and Construction Plan. South Coast alleges that "[r]egardless of the intent of the design professionals [the report and Construction Plan] were prepared below any reasonable and/or professional standard of care." (FAC ¶ 14). From this, T-Mobile argues that South Coast has failed to allege intent.

The Court understands South Coast as alleging facts to support alternative theories of recoveries. In addition to its fraud claims, South Coast also alleges negligence against T-Mobile. South Coast alleges that, having agreed to the Settlement Agreement, T-Mobile "had a duty to design and perform the construction project within the appropriate standard of care" and it breached that duty. *(Id. ¶¶* 35–36).

Rule 8 embodies a generally "liberal pleading policy." *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985). Rule 8(d) reads in pertinent part:

[. . .]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–03888–MWF (AGRx)					Date:  July 28, 2015
Title:	South Coast Properties, LLC -v- T-Mobile West, LLC, et al

(2)	Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3)	Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

The Ninth Circuit has also held that, in light of Rule 8's liberal pleading policy, a pleading "should not be construed as an admission against another alternative or inconsistent pleading in the same case." *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir.1990) (quoting *Molsbergen*, 757 F.2d at 1019).  Therefore, such alternative pleading is permitted.

### 3. The Construction Plan is Part of the Settlement Agreement.

As its third argument for why South Coast's fraud claims should fail, T-Mobile repeats its argument that there is no term in the Settlement Agreement prohibiting changes to the Construction Plan.  (Mot. at 12–13).  As the Court has already explained, the Construction Plan was incorporated into the Settlement Agreement and is part of the contract.  T-Mobile's argument that a specific provision is needed for South Coast's claims to survive is unpersuasive.  South Coast alleges that it was misled in a material way about a significant part of the contract it signed.  For the same reasons T-Mobile's argument failed with regard to South Coast's anticipatory breach claim, it fails regarding South Coast's fraud claims.

The Construction Plan is a fully incorporated part of the Settlement Agreement, and must be treated as such.  If T-Mobile signed the Settlement Agreement with no intention of abiding by the Construction Plan, and concealing that it had not adequately investigated the viability of the Construction Plan, it engaged in promissory fraud and fraudulent concealment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–03888–MWF (AGRx)					Date:  July 28, 2015
Title:	South Coast Properties, LLC -v- T-Mobile West, LLC, et al

### E.     Claims under the UCL

South Coast's eighth claim for unfair business practices and is brought under the UCL.  T-Mobile argues that South Coast's allegations do not fall within the scope of the UCL and are insufficiently pleaded.

The UCL is a broad statutory scheme for protecting consumers and promoting competition.  It is "not confined to anticompetitive business practices, but is also directed toward the public's right to protection from fraud, deceit, and unlawful conduct."  *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499, 519–520, 63 Cal. Rptr. 2d 118 (1997). The statutory language referring to "any unlawful, unfair or fraudulent" practice makes clear that a practice may be deemed unfair or fraudulent even if not specifically proscribed by some other law.  *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548 (1999) (holding that, in competitor cases, allegations of unfair business practices must be tethered to antitrust legislation and policy).

The California Supreme Court has held that "[t]he UCL's purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services."  *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949, 119 Cal. Rptr. 2d 296 (2002), as modified (May 22, 2002) (citing *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 110, 101 Cal. Rptr. 745 (1972)).  South Coast alleges a claim under the second prong of the UCL definition, namely that the acts described in the FAC describe the "unfair business practices" in which T-Mobile engaged.  (FAC ¶ 60).

T-Mobile first argues that the allegations do not constitute a business practice. However, "[w]hether any particular conduct is a business practice within the meaning of section 17200 is a question of fact dependent on the circumstances of each case." *Films of Distinction, Inc. v. Allegro Film Productions, Inc.*, 12 F. Supp. 2d 1068, 1080 (C.D. Cal. 1998) (quoting  *People v. E.W.A.P., Inc.*, 106 Cal. App. 3d 315, 322, 165 Cal. Rptr. 73 (1980) (holding allegations of commercial distribution of obscene material sufficient to state a claim under 17200 and refusing, at pleading stage, to resolve scope of appropriate injunctive relief)); *see also Isuzu Motors Ltd. v. Consumers Unions of U.S., Inc.*, 12 F. Supp. 2d 1035 (C.D. Cal. 1998) (holding that

---

**CIVIL MINUTES—GENERAL**					16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–03888–MWF (AGRx)					Date:  July 28, 2015
Title:	South Coast Properties, LLC -v- T-Mobile West, LLC, et al

plaintiff adequately alleged that defendant's publication of defamatory and disparaging statements about the product with intent to deceive the public constitutes a business practice under the UCL).

T-Mobile also argues that the UCL does not reach claims between contracting businesses.  As a number of courts have recognized, and consistent with the UCL's larger purpose, "[a]ctions under the UCL are not meant to be substitutes for tort or contract actions."  *Marsh v. Anesthesia Serv. Med. Grp., Inc.*, 200 Cal. App. 4th 480, 502, 132 Cal. Rptr. 3d 660 (2011) (holding that anesthesiologist failed to state claims for antitrust violations or injury or violation of UCL after voluntarily leaving practice group) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150, 131 Cal. Rptr. 2d 29 (2003)).

Allowing a UCL claim to proceed in this action would be to allow virtually any business tort or contract claim to be brought under UCL, even those entirely unrelated to unfair competition, or deception of the public.  The Court is not persuaded that this was the purpose of the statute.  *See In re Tobacco II Cases*, 46 Cal. 4th 298, 312, (2009) (noting the "statute's larger purpose of protecting the **general public** against unscrupulous business practices") (emphasis added); *Kasky*, 27 Cal. 4th at 949 ("The UCL's purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services."); *Garcia v. Sony Comp. Entm't Am.,* LLC, 859 F. Supp. 2d 1056, 1062 (N.D. Cal. 2012) ("To be actionable, a 'fraudulent' representation may include a false statement, or one which, though strictly accurate, nonetheless has the likely effect of **misleading or deceiving the public**." (emphasis added) (quoting *In re Tobacco II Cases*, 46 Cal. 4th at 321)).

In its tentative decision distributed before the hearing, the Court indicated that it was tentatively inclined to deny the Motion in regard to this claim, but further stated that in the tentative decision that the Court's view was particularly tentative, which the Court confirmed from the bench.  The Court's concerns was the belief that California had not intended the UCL to replace contract law, such that any contract dispute alleging fraud would thereby also be a potential violation of the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.  CV–15–03888–MWF (AGRx)** | **Date:  July 28, 2015** |
| Title:     South Coast Properties, LLC -v- T-Mobile West, LLC, et al | |

In response to the Court's concerns, at the hearing, South Coast directed the Court to *Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965, 69 Cal. Rptr. 2d 623 (1997) for the proposition that a single fraudulent act between businesses can fall within the scope of the UCL.  That is not *Klein*'s holding.  The court in fact rejected all UCL claims again the defendant.  The defendant had inadvertently sold contaminated dog food, and the court noted that it had exhibited "exemplary" behavior in responding to the issue.  *Id*. at 970.  First, *Klein* involved practices directed at the public, not a contracting business.  Second, the court stated that "the test for 'fraud' as contemplated by the statute is whether ***the public*** is likely to be deceived."  *Id*. (emphasis added).  Therefore, *Klein* provides no support for South Coast's claim that a single act of fraud between two non-competing businesses can support a claim under the UCL, and the Court can find no similar authority on its own research.

Accordingly, the Court **GRANTS** the Motion as to South Coast's eighth claim for relief.  Because this dispute is solely between South Coast and T-Mobile and does pertain to competitors or the general public amendment would be futile, and so the Motion is granted ***without leave to amend.***

## IV.     CONCLUSION

For the reasons stated above, the Court **GRANTS** *in part* and **DENIES** *in part* the Motion.  Specifically it makes the following rulings.

- Claim 1 – Breach of Contract:  **DENIED**.

- Claim 2 – Breach of Oral Contract: **GRANTED** *without leave to amend*.

- Claim 3 – Anticipatory Breach of Contract:  **DENIED**.

- Claim 4 – Negligence: **DENIED**.

- Claim 5 – Fraudulent Misrepresentation: **DENIED**.

- Claim 6 – Fraudulent Concealment: **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV–15–03888–MWF (AGRx)**                              **Date:  July 28, 2015**
**Title:**     South Coast Properties, LLC -*v*- T-Mobile West, LLC, et al

- Claim 7 – Trespass: **DENIED**.

- Claim 8 – Unfair Business Practice: **GRANTED** *without leave to amend*.

- Claim 9 – Injunctive Relief: **DENIED**.

- Claim 10 – Declaratory Relief: **DENIED**.

T-Mobile shall file its Answer within **14 days** of the filing of this Order.

IT IS SO ORDERED.